UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                NO: 10-156

JUAN FRANCISCO OJEDA-TEXTA                            SECTION: R

**ORDER AND REASONS**

Before the Court is defendant Juan Francisco Ojeda-Texta's *pro se* motion for fast-track consideration and to reduce his sentence.[1] For the reasons that follow, the motion is DENIED.

I.   **BACKGROUND**

On June 11, 2010, a federal grand jury returned an indictment against defendant charging him with illegal reentry of a removed alien in violation of Title 8, United States Code, Section 1326(a).[2] The indictment also provided notice of a sentencing enhancement due to his prior aggravated felony conviction for transportation of illegal aliens.[3] Defendant pled

---

[1]   R. Doc. 21.

[2]   R. Doc. 1.

[3]   *Id.*

guilty to the indictment on September 8, 2010.[4] There was no plea agreement between defendant and the Government.[5]

At the Government's request, the Court granted defendant a 3-point offense level reduction for accepting responsibility under the United States Sentencing Guidelines ("USSG").[6] Defendant was sentenced on December 15, 2010, to forty-six months imprisonment, three years supervised release, and ordered to pay a $100.00 special assessment.[7] On August 3, 2012, Ojeda-Texta, filed this motion for fast-track consideration.[8] The Government filed its opposition on August 16, 2012.[9]

## II.  STANDARD

### A. Fast-Track Consideration

Section 5K3.1 of the USSG provides: "[u]pon motion from the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. §

---

[4]   R. Doc. 14.

[5]   *Id.*

[6]   R. Doc. 18.

[7]   R. Doc. 19, 20.

[8]   R. Doc. 21.

[9]   R. Doc. 23.

5K3.1. Before March 1, 2012, the Eastern District of Louisiana was not authorized to reduce sentences through the early disposition ("fast-track") program. *United States v. Almonte-Gomez*, No. Civ. A. 03-362, 2005 WL 767885, at *2 (E.D. La. Mar. 24, 2005)("The Court, upon independent review, finds no case or law to support the existence of a fast track program and was unable to obtain any information that such a program was authorized in the Eastern District of Louisiana.").

On January 31, 2012, the United States Deputy Attorney General issued a new Department policy authorizing the fast-track program in every District for felony illegal reentry cases beginning on March 1, 2012. Memorandum of Deputy Attorney General James M. Cole, January 31, 2012, at 1-2. However, the memorandum makes clear that it "provides only internal Department of Justice guidance" and that the fast-track program "may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal, nor does it place any limitation on otherwise lawful litigative prerogatives of the Department." *Id.* at 1.

Importantly, the program exclusively vests discretion to implement the fast-track program in a particular case with the United States Attorneys. *Id.* at 2. A prior violent felony conviction, for example, is one of the many factors a United

States Attorney can consider when deciding whether to allow a defendant's participation in the program. *Id.*

Further, there are threshold requirements a defendant must meet in order to be considered for participation in the program. These include requirements that (1) the defendant enter into a plea agreement within 30 days from being taken into custody on federal criminal charges, (2) the plea agreement must provide for the waiver of defendant's right to argue for a sentencing variance and waiver of his right to appeal or challenge his conviction except in limited circumstances, and (3) any additional procedural requirements the United States Attorney may require at his discretion. *Id.* at 3-4.

Defendant argues that he is entitled to a sentencing reduction based on the fast-track program. For the following reasons defendant is not entitled to a reduction.

## III. DISCUSSION

### A. Procedural Defects

Defendant has not identified any authority that would allow this Court to modify his sentence. He is not alleging that his sentence was imposed in violation of the Constitution or federal law pursuant to 28 U.S.C. § 2255, or that his sentence is the result of clerical error. Fed. R. Crim. P. 36. Further, the Government has not brought a motion to reduce defendant's

4

sentence pursuant to Fed. R. Crim. P. 35(b), and the circumstances outlined in 18 U.S.C. § 3582 are inapplicable.[10] This Court is therefore, "without power to grant [defendant's] motion." *United States v. Rascon-Olivas*, 10-CR-0230(21)(PJS/FLN), 2012 WL 695838, at *1 (D. Minn. Feb. 28, 2012)(denying a motion to reduce sentencing pursuant to the newly enacted fast-track program). However, even despite these procedural defects, defendant would not qualify for any sentence reduction under the fast-track program.

**B. The Fast-Track Program is Not Retroactive**

At the time of defendant's sentencing on December 15, 2010, there was no fast-track program authorized in the Eastern District of Louisiana. *Almonte-Gomez*, 2005 WL 767885, at *2. The fast-track program authorized for March 1, 2012 is not retroactive. *United States v. Garcia-Ugarte*, 688 F.3d 314, 317

---

[10] The Fifth Circuit has recognized that a district court may construe a styled Rule 35 pleading as a request for relief under § 2255 when it is filed outside of the Rule 35 time restrictions. *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). The Supreme Court has stated that before construing a *pro se* litigant's motion as a § 2255 motion, the court must warn the litigant of its consequences and give him an opportunity to withdraw the motion. *Castro v. United States*, 540 U.S. 375, 383 (2003). It is not necessary for this Court to construe defendant's motion as a request for relief under § 2255 to dispose of its request. In any event, as the Government notes, defendant has filed his motion even outside of the one-year limitation of § 2255.

n.1 (7th Cir. 2012)(noting that a defendant sentenced before the March 1, 2012 implementation date was not entitled to fast-track consideration); *Rascon-Olivas*, 2012 WL 695838, at *1 n.1 ("The new fast-track program is not retroactive."). Accordingly, defendant is not entitled to the benefits of the fast-track program.

**C. Fast-Track Participation is a Matter of Prosecutorial Discretion**

Further, it is the Government, not the defendant, who must request a downward departure at sentencing pursuant to the fast-track Program. Memorandum of Deputy Attorney General James M. Cole, January 31, 2012, at 4. The memorandum announcing the policy makes clear that it may not "be relied upon to create any rights . . . enforceable at law by any party" and that the "United States Attorney retains the discretion to limit or deny a defendant's participation." *Id.* at 1, 3; *United States v. Seledon-Lopez*, NO. 2:09-cr-0246-RLH-RJJ, 2012 WL 1744535, at *1 (D. Nev. May 15, 2012)(noting that the fast-track policy "did not create any substantive or procedural rights for Defendant"). As one court noted, "[t]he Attorney General's change of policy as a matter of prosecutorial discretion does not enlarge this Court's jurisdiction." *United States v. Grueso-Lopez*, No. C-11-1133, 2012 WL 3063383, at *1 (S.D. Tex. July 25, 2012)(declining to modify a

defendant's sentence based on the implementation of the new fast-track program). Accordingly, it is the prosecutor, not the defendant, who has the authority to bring a request for fast-track consideration before this Court.

**D. Defendant Would Not Qualify for the Fast-Track Program**

Even brushing aside these threshold hurdles to defendant's request, it is unlikely that defendant would have qualified for fast-track participation. First, defendant did not plead guilty within the thirty-day time limit.[11] Second, there was no plea agreement, let alone a plea agreement providing for defendant's wavier of various rights outlined in the fast-track program.[12] Third, defendant's prior conviction for transporting illegal aliens would make fast-track participation even less likely because the United States Attorney is instructed to consider a defendant's prior conviction for immigration-related offenses when deciding whether to deny a defendant's participation. Memorandum of Deputy Attorney General James M. Cole, January 31, 2012, at 3. Accordingly, defendant's claim that he would qualify for fast-track consideration fails.

---

[11]  R. Doc. 4; 14.

[12]  R. Doc. 19.

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion for fast-track consideration and a sentence reduction is DENIED.

New Orleans, Louisiana, this 19th day of September, 2012.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE